IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SOFTEX LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:22-CV-1309-RP |
| | § | |
| DELL TECHNOLOGIES INC. and | § | |
| DELL INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants Dell Technologies Inc.'s and Dell Inc's (collectively "Dell") Motion to Dismiss Plaintiff Softex LLC's ("Softex") willfulness claims, (Mot. Dismiss, Dkt. 12), and the parties' responsive briefing, (Dkts. 21, 24). Having considered the parties' briefs, the record, and the relevant law, the Court will grant in part and deny in part the motion.

## I. BACKGROUND

In its complaint, Softex makes a claim for willfulness. (Compl, Dkt. 1). Softex alleges: "Dell has actual knowledge of the Asserted Patents at least as early as the filing of this Complaint." (*Id.* at 7). Softex further alleges: "Dell has infringed and continues to infringe one or more claims of the Asserted Patents, as shown below, by making, testing, using, offering to sell, and selling one or more infringing products including Windows Functionality and/or Absolute Functionality." (*Id.* at 39). Attached to the complaint are claim charts that Softex alleges show Dell's ongoing infringing conduct. (*See, e.g.*, Claim Charts, Dkts. 1-8, 1-9, 1-10, 1-11, 1-12, 1-13, 1-14, 1-15).

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina*

1

*Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

### III. DISCUSSION

Dell's motion to dismiss argues that Softex's complaint contains no facts that support Softex's willful infringement claims. To state a claim for willful infringement, Softex must "allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patents-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (citation omitted). According to Dell, the *Parity* factors are not satisfied here where Softex (1) relies on its complaint alone to provide notice of infringement; and (2) assumes post-suit conduct based on speculation. (Mot. Dismiss, Dkt. 12, at 7).

**A. Post-Suit Willfulness Claim**

For post-suit willfulness claims, there is a difference in opinion among district courts as to what allegations are sufficient to survive a motion to dismiss. The Federal Circuit has not yet provided guidance on this issue. (*See* Resp., Dkt. 21, at 10). The question seems to be whether the filing of a complaint with a willfulness allegation in and of itself notifies the defendant of the asserted patent and its infringement of that patent to the extent that it should then know that its

conduct amounts to infringement. In other words, may the complaint suffice as notification in support of a claim for post-suit willfulness?

Some courts have answered that question in the affirmative. *See, e.g.*, *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 778–79 (W.D. Tex. 2022) ("Serving a complaint will, in most circumstances, notify the defendant of the asserted patent and the accused conduct. So long as the complaint also adequately alleges that the defendant is continuing its purportedly infringing conduct, it will satisfy all three *Parity* elements and sufficiently plead a post-filing/post-suit willful infringement claim."); *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2019 WL 330515, at *7–8 (D. Del. Jan. 25, 2019) (concluding that plaintiff need not plead additional facts "beyond knowledge of the patent and continuing infringement despite that knowledge" to sufficiently plead post-suit willfulness); *ZitoVault, LLC v. Int'l Bus. Machines Corp.*, No. 3:16-CV-0962-M, 2018 WL 2971131, at *3 (N.D. Tex. Mar. 29, 2018) (holding that because the complaint notified defendants of the asserted patent, identified defendants' infringing products, and alleged defendants have not ceased those infringing activities, plaintiff had stated a claim for post-suit willfulness); *Ocado Innovation, Ltd. v. AutoStore AS*, 561 F. Supp. 3d 36, 58 (D.N.H. 2021). Other courts have dismissed post-suit willfulness claims where the defendant's only alleged basis for knowing of the patents-in-suit is from the complaint. *See, e.g.*, *Ravgen, Inc. v. Quest Diagnostics Inc.*, No. 221CV09011RGKGJS, 2022 WL 2047613, at *3 (C.D. Cal. Jan. 18, 2022) ("[B]ecause Plaintiff bases its willful infringement claims solely on Defendant's post-suit knowledge, the Court dismisses those claims.") (emphasis omitted); *NetFuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-CV-02352-EJD, 2018 WL 4510737, at *3 (N.D. Cal. Sept. 18, 2018). "Most courts, however, hold that allegations of post-filing willful infringement in an amended complaint may support a claim for willful infringement." *Therabody, Inc. v. Tzumi Elecs. LLC*, No. 21CV7803PGGRWL, 2022 WL 17826642, at *10 (S.D.N.Y. Dec. 19, 2022) (cleaned up).

In the absence of Federal Circuit authority, this Court will find that Softex's complaint and claim charts sufficiently support its claim for post-suit willfulness to survive a motion to dismiss, although the Court acknowledges the reasonable concerns that have been expressed by courts outside of the Western District of Texas about allowing a willfulness claim to proceed without detailed supporting facts. As this case progresses, Softex's claim for post-suit willfulness may not stand. For example, if discovery fails to produce facts that would support a finding of willfulness, Dell can seek to have the willfulness allegations dismissed on summary judgment. For pleading purposes, however, the Court is satisfied that Softex has sufficiently alleged willfulness as to the post-suit period.

### B. Pre-Suit Willfulness Claim

As for Softex's pre-suit willfulness claim, Softex offers no rebuttal in its response brief to Dell's argument that the complaint fails to allege any facts to plausibly infer pre-suit knowledge. Instead, Softex focuses solely on its claim for post-suit willfulness. (Resp., Dkt. 21, at 6–13). Given the dearth of allegations in the complaint that would support pre-suit willfulness, the complaint does not plead sufficient facts to satisfy the first *Parity* factor—that Dell knew of the asserted patents before the suit was filed. In light of Softex's lack of opposition and the pleading deficiencies, the Court will grant Dell's motion to dismiss as to Softex's pre-suit willfulness claim.

### IV. CONCLUSION

For these reasons, the Court **IT IS ORDERED** that Defendants' motion to dismiss, (Dkt. 12), is **GRANTED IN PART** and **DENIED IN PART**.

**SIGNED** on March 7, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE